# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Residential Funding Corporation,

      Plaintiff,

  v.

                                        **MEMORANDUM OPINION
AND ORDER**
Civil No. 05-557 ADM/AJB

American Fidelity, Inc., and
Randal A. Gomez,

      Defendants.

_____

Rodney A. Wilson, Esq., Wilson Law Office, Minneapolis, MN, on behalf of Plaintiff.

_____

      This matter is before the undersigned United States District Judge on Plaintiff Residential Funding Corporation's ("Residential") Request for Amended Default Judgment [Docket No. 15]. On March 16, 2005, Residential filed a Complaint [Docket No. 1] against Defendants American Fidelity, Inc. and Randal A. Gomez ("Defendants") seeking damages resulting from the breach of various contracts and guaranties. Specifically, the Complaint sought $499,947.83, as well as attorney's fees and costs.

      Defendants failed to answer Residential's Complaint. On October 10, 2005, Residential filed a Request for Default Judgment [Docket No. 4].[1] The Request, along with the proposed order submitted by Residential's counsel, requested a judgment in the amount of $456,233.15 plus interest and costs. Attorney's fees were not specifically requested. The Court granted Residential's Request on October 12, 2005, and entered judgment as requested by Residential

_____

[1] The docket reflects two filings of the identical Request for Default Judgment, one on October 5, 2005, and one on October 6, 2005 [Docket No. 9].

[Docket Nos. 12-13].

Now, four months after entry of judgment, Residential has filed its Request asking that the judgment be amended to reflect the amount requested in Residential's Complaint of $499,947.83. The Request also seeks attorney's fees in the amount of $2,808.50.

Federal Rule of Civil Procedure 60(a) allows for amendment of judgments when:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

Additionally, Rule 60(b) allows for relief for "mistake, inadvertence, surprise, or excusable neglect." Here, it is clear from Residential's Complaint that it was seeking damages in the amount of $499,947.83 in addition to attorney's fees, and the error made in the judgment was clerical in nature. As a result, the judgment will be amended to reflect the correct dollar amounts.

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.     Plaintiff's  Request for Amended Default Judgment [Docket No. 15] is

       **GRANTED**; and

2.     The Judgment [Docket No. 13] will be amended to reflect an award of damages in

       the amount of $499,947.83 and attorney's fees in the amount of $2,808.50 for a

       total of $502,756.33.

                                        BY THE COURT:


                                        _____s/Ann D. Montgomery_____
                                        ANN D. MONTGOMERY
                                        U.S. DISTRICT JUDGE

Dated:  February 24, 2006.